UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD M. DEANE and CLARINDA DEANE,

    Plaintiffs,

v.                                                Case No: 8:13-cv-2604-T-27MAP

NATIONSTAR MORTGAGE, LLC and
JOHN DOE LOAN OWNER, INC.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant, Nationstar Mortgage, LLC's Motion to Dismiss (Dkt. 6). Plaintiffs have responded (Dkt. 7). Upon consideration, the Motion is GRANTED in part and DENIED in part.

Plaintiffs filed this lawsuit in county court arising out of Defendants' failure to respond to their alleged Qualified Written Request ("QWR") sent on May 16, 2013 to Nationstar requesting information related to the Note and Mortgage on their property in violation of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"). Defendant Nationstar Mortgage, LLC removed the case to federal court and moves to dismiss the Complaint for failure to state a claim upon which relief may be granted.[1]

### STANDARD

A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require detailed factual

---

[1] Defendant John Doe Loan Owner, Inc. remains unidentified.

allegations, but it demands more than an unadorned, conclusory accusation of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must contain enough facts to make a claim for relief plausible on its face." *Resnick*, 693 F.3d at 1324-25. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Although it is axiomatic that the Court must accept as true all of the allegations contained in the complaint, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### DISCUSSION

#### *Count I--Violation of RESPA*

Nationstar contends that Count I fails to state a violation of RESPA because the May 16, 2013 letter is not a QWR because it does not inquire about the servicing of Plaintiffs' loan. Rather, Nationstar contends that the letter "blindly dispute[s] the existence of debt, without identifying any particular errors in their account." (Dkt. 6 at 6). In addition, Nationstar argues that Plaintiffs' allegations regarding damages are conclusory. Plaintiffs allege that the letter is a QWR because it

2

"identified the subject borrower, identified the subject loan and included a statement of the reasons the borrower believed the account to be in error, (e.g. unknown identity of a true secured lender/creditor)." (Dkt. 2 at ¶ 15). The May 16, 2013 letter is attached to the Complaint. (Dkt. 2-1).

RESPA imposes a duty on loan servicers to respond to borrower inquiries made by QWR "for information relating to the servicing of" a federally related mortgage loan. 12 U.S.C. § 2605(e)(1)(A). RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). A QWR is defined as follows:

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
>
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). To state a claim under § 2605(e), Plaintiffs must allege facts showing: (1) Defendant is a loan servicer, (2) Plaintiffs sent Defendant a valid QWR, (3) Defendant failed to adequately respond within the statutory period, and (4) Plaintiffs are entitled to actual or statutory damages. *Correa v. BAC Home Loans Serv. LP*, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *6 (M.D.Fla. Apr.9, 2012); 12 U.S.C. § 2605. Plaintiff has adequately alleged that Nationstar is a loan servicer and that it failed to acknowledge and respond to their alleged QWR. The question is whether the May 16 letter qualifies as a QWR that requests "information relating to the servicing of such loan." *See* 12 U.S.C § 2605(e)(1)(A), (B).

In addition to disputing the identity of the lender/creditor, the existence of debt, and Nationstar's authority and capacity to collect on behalf of the alleged lender/creditor, the May 16 letter states: "We also dispute the amount you claim is owed according to the monthly billing statement and how the payments I/we have sent have been applied to pay off the loan. I/we request that you send us information about the fees, costs, and escrow accounting along with the payment history on the loan." (Dkt. 2-1). The letter goes on to request twenty-six specific items related to the loan.

"RESPA does not require any magic language before a servicer must construe a written communication from a borrower as a qualified written request and respond accordingly." *Catalan v. GMAC Mortgage Corp.*, 629 F.3d 676, 687 (7th Cir. 2011). Among the twenty-six requested items in the May 16 letter are requests for information related to the servicing of the loan. To the extent the letter disputes amounts owed, how payments have been applied and requests information regarding the same, it can plausibly be construed as a QWR. *See Patton v. Ocwen Loan Servicing, LLC*, 6:11-CV-445-ORL-19, 2011 WL 3236026, *3 (M.D. Fla. July 28, 2011) ("Plaintiff's statement in the July 21 Letter that he believed that 'payments have not been properly credited to the balance due' fairly constituted a request that Ocwen provide information regarding the payments applied to Plaintiff's mortgage loan serviced by Ocwen."). However, Plaintiffs do not allege in the Complaint that these requests are the basis for their RESPA claim. Plaintiffs only specify that their stated reason for believing the account to be in error is "unknown identity of a true secured lender/creditor." (Dkt. 2 at ¶ 15).

To the extent Plaintiffs' letter requests information related to the origination or validity of the loan, such requests do not relate to the servicing of the loan. *See Medrano v. Flagstar Bank,*

*FSB*, 704 F.3d 661, 666-67 (9th Cir. 2012) ("'Servicing,' so defined, does not include the transactions and circumstances surrounding a loan's origination—facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement.").

In addition, to the extent Plaintiffs seek information relating to ownership/lender history, RESPA does not require a servicer to provide the identity of the owner of a loan. *Paschette v. Wells Fargo Bank*, N.A., 6:11-CV-442-ORL-31, 2011 WL 3962274, *1 (M.D. Fla. Sept. 8, 2011); *Patton*, 2011 WL 3236026 at *3; *Marsh v. BAC Home Loans Servicing, LP*, 2:09-CV-813, 2011 WL 1196415, *8 n.8 (M.D. Fla. Mar. 29, 2011). *But see Davis v. Greenpoint Mortgage Funding, Inc.*, 1:09-CV-2719-CC-LTW, 2011 WL 7070222, *3 (N.D. Ga. Sept. 19, 2011) (holding that "an inquiry regarding the identity of a new creditor or, phrased another way, the identity of the entity on whose behalf the servicer receives payments plainly relates to the servicing of the loan," but recognizing that it was the minority view).

Notwithstanding that the May 16 letter may reasonably be construed as a QWR, Plaintiffs have failed to plead sufficient facts to show they have suffered actual or statutory damages, the fourth element of a RESPA claim.[2] *See Frazile v. EMC Mortg. Corp.*, 382 Fed. App'x 833, 836 (11th Cir. 2010) (damages allegation is a necessary element of any claim under § 2605). Their allegations are conclusory statements unsupported by any facts (Dkt. 2 at ¶¶ 20-22). *See Farson v. Carrington Mortgage Servs., LLC*, 8:13-CV-2289-T-33TGW, 2013 WL 5705565 (M.D. Fla. Oct. 18, 2013) (conclusory allegations regarding statutory and actual damages not sufficient).

---

[2] To seek statutory damages under § 2605, Plaintiffs must allege facts showing that there is a pattern or practice of noncompliance with the requirements of the section. 12 U.S.C. § 2605(f)(1)(B). Plaintiffs' request in their response to the Motion to Dismiss that the Court take judicial notice of various cases to establish that Nationstar has a pattern and/or practice of noncompliance with RESPA (Dkt. 7 at 5) is not sufficient to cure the defects in their Complaint and is therefore denied.

Accordingly, Count I will be dismissed with leave to amend.

### *Count II--Violation of TILA*

Plaintiffs allege that Defendants violated TILA by failing to disclose the identity of the current owner of their Note and Mortgage in response to Plaintiffs' request. Plaintiffs have alternatively pled that Nationstar is either a loan servicer or owns the Note and Mortgage and is not servicing the loan for a third party. (Dkt. 2 at ¶¶ 4, 5). In addition, Plaintiffs allege they are without knowledge as to whether Nationstar owns the Note and Mortgage or is merely a third party servicer." (*Id.* at ¶ 5). Nationstar asserts that is not the owner, and has never been the owner, of the Note and Mortgage and therefore Plaintiffs may not maintain a cause of action against it under TILA.

"A loan servicer may be liable under TILA only if it currently owns or previously owned the mortgage note at issue." *Patton v. Ocwen Loan Servicing, LLC*, 6:11-CV-445-ORL-19, 2011 WL 1706889, *6 (M.D. Fla. May 5, 2011) (collecting cases); *see* 15 U.S.C. § 1641(f)(1); *Correa v. BAC Home Loans Servicing LP*, 6:11-CV-1197-ORL-22, 2012 WL 1176701, *8 (M.D. Fla. Apr. 9, 2012); *Paschette v. Wells Fargo Bank, N.A.*, 6:11-CV-442-ORL-31, 2011 WL 3962274, *1 (M.D. Fla. Sept. 8, 2011). Plaintiffs may plead inconsistent or alternative claims. *See* Fed. R. Civ. P. 8(d)(2), (3). And, if Nationstar owns the Note and Mortgage, it may be subject to liability under TILA. 15 U.S.C. 1641(f); *Patton*, 2011 WL 1706889, at *6. Therefore, Count II will not be dismissed.

Accordingly,

1.   Defendant, Nationstar Mortgage, LLC's Motion to Dismiss (Dkt. 6) is **GRANTED** *in part* and **DENIED** *in part*.

2.   Count I of the Complaint is **DISMISSED** *without prejudice*.

3.   Plaintiffs are granted leave to file an amended complaint within **twenty (20) days** of this Order, or file a notice of their election not to amend.

4. Within **fourteen (14) days** of the filing of Plaintiffs' amended complaint or notice, Defendants shall respond.

**DONE AND ORDERED** this 5th day of March, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record